UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

JACQUELINE GERHAM,

                              Plaintiff,

       *-against-*

AMERICAN EXPRESS COMPANY,

                              Defendant.

_____

**COMPLAINT AND
JURY DEMAND**

Case No.:

 

 

Plaintiff, JACQUELINE GERHAM, by and through her attorneys, TOWNE, RYAN & PARTNERS, P.C., complaining of the Defendant, American Express Company, respectfully asserts and alleges, as follows:

## INTRODUCTION

1.      This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 USC § 2000e, *et seq.* ("Title VII"), and the New York State Human Rights Law, N.Y. Executive Law § 290, *et seq.* ("NY Human Rights Law"), and the Age Discrimination in Employment Act of 1967, 29 USC §621, *et seq.* ("ADEA").

2.      The Plaintiff, Jacqueline Gerham, (hereinafter referred to as the "Plaintiff"), seeks money damages including compensation, liquidated and punitive damages, back pay, front pay, and benefits and costs and attorneys' fees for the discrimination and hostile work environment based on age and sex suffered by the Plaintiff in her employment by the Defendant, American Express Company (hereinafter referred to as "Defendant" and/or "American Express").

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343(4), and 29 U.S.C. §§216(b), 623, 626 and 29 U.S.C. §1140.

4.      Plaintiff invokes this Court's supplemental jurisdiction as to the common laws of the State of New York.   Pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction over the Plaintiff's claims brought under the New York State Human Rights Law and New York State Labor Law.

5.      The events, parties, transactions and injuries set forth form the basis of the Plaintiff's Federal claims and are identical to the events, parties, transactions, circumstances, injuries that form the basis of the Plaintiff's claims that arise under the New York State Human Rights Law.

6.      The Plaintiff filed charges against American Express alleging discrimination and a hostile work environment on the basis of age and sex with the New York State Division of Human Rights ("DHR") and the Equal Employment Opportunity Commission ("EEOC") on July 3, 2018, DHR Number 10196999 and EEOC Charge Number 16G-2018-05075.   A copy of DHR Number 10196999 /Charge No. 16G-2018-05075 is annexed hereto and marked as Exhibit "A."

7.      The EEOC has issued a right to sue letter to the Plaintiff dated May 14, 2019, which was also sent to the Director of Human Resources at American Express Company, Inc., 3 World Financial Center, 200 Vesey Street, 49th Floor, New York, New York 10285-4909, a true and accurate copy of which is attached hereto as Exhibit "B."

8.      All pre-requisites to the filing of this suit have been met, including the exhaustion of all administrative remedies to the extent applicable.   The Plaintiff has incurred

2

expenses, including, but not limited to, reasonable attorneys' fees because of the facts alleged herein.

9.      This lawsuit is commenced within ninety (90) days of the Plaintiff's receipt of the Notice of Right to Sue letter.

10.      Venue properly lies in the United States District Court for the Southern District of New York under 28 U.S.C. §1391(c) and 29 U.S.C. §621, because the unlawful employment practices alleged herein occurred within this District.

## JURY DEMAND

11.      Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure on all causes of actions alleged herein.

## PARTIES

12.      Plaintiff at all times relevant hereto is and was a resident of the County of Nassau, State of New York.

13.      Plaintiff is a fifty-six (56) year-old female who was born on December 7, 1962, and, as such, falls within the protections afforded by New York State Human Rights Law, Title VII of the Civil Rights Act, and the Age Discrimination in Employment Act ("ADEA").

14.      Upon information and belief, at all times herein relevant, Defendant, American Express, was and is a domestic business corporation, duly licensed to conduct business in, and doing business in the State of New York, with its principal place of business located in the City of New York, County of New York, State of New York.

15.      Upon information and belief, Defendant was aware of and had notice of Plaintiff's complaint, DHR Number 10196999 / EEOC Charge Number 16G-2018-05075.

16.     Upon information and belief, Defendant had an opportunity to participate at the administrative level at the DHR and did in fact respond to Plaintiff's charge of discrimination and harassment and addressed the particular allegations.

17.     Upon information and belief, Defendant provides financial and travel services throughout the United States and internationally.

18.     Upon information and belief, Defendant is an employer within the meaning of the Federal and State laws against employment discrimination, namely, 42 U.S.C. §12111(5), 29 U.S.C. §630(b) and Section 292(5) of the N.Y. Executive Law.

19.     Upon information and belief, Defendant employs at least twenty (20) employees.

20.     At all times relevant to this Complaint, Plaintiff was an employee within the meaning of 42 U.S.C. §12111(4), 29 U.S.C. §630(f), N.Y. Executive Law §292(1) (New York's Human Rights Law) and a person within the meaning of 29 U.S.C. §630(a) and Section 292(1) of N.Y. Executive Law.

21.     Upon information and belief, Defendant conducts business within the State of New York and, through its employees, provides services within the Southern District of New York.

## STATEMENT OF FACTS

22.     Plaintiff was initially hired to work full-time by American Express on or about September 2, 1992 at the headquarters location, located 200 Vesey Street, New York, New York, also known as the "American Express Tower".

23.     Plaintiff was promoted to Director of the Global Merchant Services Team and was earning an annual salary of no less than One Hundred Fifty-Seven Thousand Five Hundred

4

and no/100 ($157,500.00) Dollars. She additional received bonuses of no less than Forty-Three Thousand and no/100 ($43,000.00) Dollars, Profit Sharing of two and a half (2.5%) percent, a 401K Match, Health Savings Account Contribution, Health Insurance, and shares of company stock.

24.     On November 1, 2017, Defendant unjustly terminated Plaintiff from her employment, when she was approximately five (5) weeks away from turning fifty-five (55) years of age.

25.     Plaintiff was not provided with severance pay, health insurance or other benefits, despite Defendant's extensive written severance policy which provides that employees are entitled to certain levels of severance pay and benefits commensurate with the employee's tenure with the Defendant.

26.     In addition, upon information and belief, pursuant to Defendant's policies and procedures, the Plaintiff would have been eligible to receive retiree medical benefits had she not been unjustly terminated only five (5) weeks before reaching age fifty-five (55).

27.     Upon information and belief, Plaintiff, who was unjustly terminated five (5) weeks before she turned fifty-five (55), lost all unvested stock which totaled approximately forty-three (43%) percent of her stock in the Defendant Company.  Further, two hundred and thirty-five (235) of her shares would have vested in January of 2018, approximately two months after her termination.

28.     Therefore, Plaintiff was subjected to discrimination and harassment by Defendant as a result of her age and sex.

29.     The Defendant has a culture of discriminating against employees, especially females, based upon their age.

30.     Upon information and belief, Defendant employs and/or promotes very few women over the age of fifty (50) to positions similar to the position held by Plaintiff at the time she was unjustly terminated.

31.     Upon information and belief, Defendant gave annual employee assessments in which leaders were supposed to identify each employee's career potential and discuss opportunities for advancement within the company with each individual employee; Plaintiff was routinely given these assessments during the first ten (10) years of her employment.  Upon information and belief, once Plaintiff had reached her mid-to-late-forties (40s), the Defendant stopped discussing or sharing advancement opportunities with her.

32.     Upon information and belief, Defendant continued to discuss, share and grant advancement opportunities to its similarly situated male employees.

33.     In addition, upon information and belief, Plaintiff was punished more severely for alleged violations of company policy than younger employees and male employees.

34.     Upon information and belief, Defendant asked Plaintiff to provide negative statements about her former manager, in order to support Defendant's termination of said manager, which Plaintiff refused to do.

35.     Plaintiff endured discrimination based upon her age and sex, including but not limited to, termination of her employment with Defendant.

36.     Upon information and belief, after her termination, Plaintiff's position was filled by a younger male employee.

## AS AND FOR A FIRST CAUSE OF ACTION
## [DISCRIMINATION PURSUANT TO THE ADEA]

37.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "36" as if said paragraphs were set forth herein in their entirety.

38.     By the acts and practices described above, Defendant unjustly terminated Plaintiff on account of her age in violation of the ADEA.

39.     Defendant's said actions altered the terms and conditions of Plaintiff's employment on account of her age in violation of the ADEA.

40.     Plaintiff has now suffered irreparable injury and monetary damages as a result of Defendant's discriminatory conduct and will continue to do so unless and until the Court grants the relief requested herein by the Plaintiff.

41.     Upon information and belief, the discriminatory conduct of the Defendant was willful, malicious, fraudulent, oppressive, and in conscious disregard for the rights of Plaintiff. As a result, punitive damages are appropriate in an amount to be determined at the trial of this action.

42.     The Plaintiff has and will continue to incur reasonable attorneys' fees, disbursements, and court costs, which are awardable under the ADEA.

43.     Upon information and belief, the Defendant's discriminatory conduct was willful, malicious, fraudulent, oppressive, and in conscious disregard for the rights of the Plaintiff.  As a result, punitive damages are appropriate in an amount to be determined by the trier of fact.

44.     Based upon the foregoing, Plaintiff is entitled to judgment against the Defendant in an amount to be proven at trial, which in no event is expected to be less than Seven Hundred

Twenty-Nine Thousand One Hundred Seventy-Four and no/100 ($729,174.00) Dollars, and Plaintiff is further entitled to punitive damages, Plaintiff's attorneys' fees, costs and disbursements in connection with this action, and interest thereupon.

**AS AND FOR A SECOND CAUSE OF ACTION**
**[TITLE VII – HOSTILE WORK ENVIRONMENT]**

45.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "44" as if said paragraphs were set forth herein in their entirety.

46.   By the acts and practices described above, Defendant American Express created a hostile work environment based on Plaintiff's sex in violation of Title VII of the Civil Rights Act.

47.   Such actions altered the terms and conditions of Plaintiff's employment on account of her sex in violation of Title VII.

48.   Defendant knew that its actions created a hostile work environment on the basis of her sex of such a severe and pervasive nature so as to create a hostile work environment and/or showed reckless disregard to the Plaintiff's statutorily protected rights.  Plaintiff is now suffering irreparable injury and monetary damages as a result of Defendant's discriminatory conduct and will continue to do so unless and until the Court grants the Plaintiff the relief requested herein.

49.   Upon information and belief, the Defendant's discriminatory conduct was willful, malicious, fraudulent, oppressive, and in conscious disregard for the rights of the Plaintiff.  As a result, punitive damages are appropriate in an amount to be determined by the trier of fact.

50.     Based upon the foregoing, Plaintiff is entitled to judgment against the Defendant in an amount to be proven at trial, which in no event is expected to be less than Seven Hundred Twenty-Nine Thousand One Hundred Seventy-Four and no/100 ($729,174.00) Dollars, and Plaintiff is further entitled to punitive damages, Plaintiff's attorneys' fees, costs and disbursements in connection with this action, and interest thereupon.

### AS AND FOR A THIRD CAUSE OF ACTION
### [TITLE VII – DISCRIMINATION BASED ON SEX]

51.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "50" as if said paragraphs were set forth herein in their entirety.

52.     By the acts and practices described above, Defendant discriminated against Plaintiff on account of her sex in violation of Title VII.

53.     Such actions altered the terms and conditions of her employment in violation of Title VII.

54.     Defendant knew that its actions constituted discrimination on the basis of sex of such a severe and pervasive nature so as to show reckless disregard to the Plaintiff's statutorily protected rights.  Plaintiff is now suffering irreparable injury and monetary damages as a result of Defendant's discriminatory conduct and will continue to do so unless and until the Court grants Plaintiff the relief requested herein.

55.     Upon information and belief, the Defendant's discriminatory conduct was willful, malicious, fraudulent, oppressive, and in conscious disregard for the rights of the Plaintiff.  As a result, punitive damages are appropriate in an amount to be determined by the trier of fact.

9

56.     Based upon the foregoing, Plaintiff is entitled to judgment against the Defendant in an amount to be proven at trial, which in no event is expected to be less than Seven Hundred Twenty-Nine Thousand One Hundred Seventy-Four and no/100 ($729,174.00) Dollars, and Plaintiff is further entitled to punitive damages, Plaintiff's attorneys' fees, costs and disbursements in connection with this action, and interest thereupon.

## AS AND FOR A FOURTH CAUSE OF ACTION
### [TITLE VII - RETALIATION]

57.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number "1" through "56" as if said paragraphs were set forth herein in their entirety.

58.     By the acts and practices described above, Defendant unlawfully retaliated against Plaintiff by terminating her after Plaintiff refused to give negative statements to Defendant about her former manager.

59.     Such actions altered the terms and conditions of her employment in violation of Title VII.

60.     Defendant knew that its actions constituted unlawful retaliation and showed reckless disregard to the Plaintiff's statutorily protected rights.  Plaintiff is now suffering irreparable injury and monetary damages as a result of Defendant's discriminatory conduct and will continue to suffer same unless and until the Court grants the relief requested herein.

61.     Upon information and belief, the retaliatory conduct of Defendant was willful, malicious, fraudulent, oppressive, and in conscious disregard for the rights of the Plaintiff.  As a result, punitive damages are appropriate in an amount to be determined by the trier of fact.

62.     Based upon the foregoing, Plaintiff is entitled to judgment against the Defendant in an amount to be proven at trial, which in no event is expected to be less than Seven Hundred

Twenty-Nine Thousand One Hundred Seventy-Four and no/100 ($729,174.00) Dollars, and Plaintiff is further entitled to punitive damages, Plaintiff's attorneys' fees, costs and disbursements in connection with this action, and interest thereupon.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**[NYS HUMAN RIGHTS LAW – DISCRIMINATION BASED ON SEX]**

63.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "62" as if said paragraphs were set forth herein in their entirety.

64.    By the acts and practices described above, Defendant discriminated against Plaintiff on account of her sex in violation of the New York State Human Rights Law.

65.    Such actions altered the terms and conditions of her employment in violation of the New York State Human Rights Law.

66.    Defendant knew that its actions constituted unlawful discrimination on the basis of age of such a severe and pervasive nature so as to show reckless disregard to the Plaintiff's statutorily protected rights. Plaintiff is now suffering irreparable injury and monetary damages as a result of Defendant's discriminatory conduct and will continue to do so unless and until the Court grants Plaintiff the relief requested herein.

67.    Upon information and belief, the discriminatory conduct of the Defendant was willful, malicious, fraudulent, oppressive, and in conscious disregard for the rights of the Plaintiff. As a result, punitive damages are appropriate in an amount to be determined by the trier of fact.

68.    Based upon the foregoing, Plaintiff is entitled to judgment against the Defendant in an amount to be proven at trial, which in no event is expected to be less than Seven Hundred Twenty-Nine Thousand One Hundred Seventy-Four and no/100 ($729,174.00) Dollars, and

11

Plaintiff is further entitled to punitive damages, Plaintiff's attorneys' fees, costs and disbursements in connection with this action, and interest thereupon.

## AS AND FOR A SIXTH CAUSE OF ACTION
### [NYS HUMAN RIGHTS LAW – DISCRIMINATION BASED ON AGE]

69.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number "1" through "68" as if said paragraphs were set forth herein in their entirety.

70.     By the acts and practices described above, Defendant discriminated against Plaintiff on account of her age in violation of the New York State Human Rights Law when she was unjustly terminated.

71.     Such actions altered the terms and conditions of her employment in violation of the New York State Human Rights Law.

72.     Defendant American Express knew that its actions constituted discrimination on the basis of age of such a severe and pervasive nature so as to show reckless disregard to the Plaintiff's statutorily protected rights.   Plaintiff is now suffering irreparable injury and monetary damages as a result of Defendant American Express' discriminatory conduct and will continue to do so unless and until the Court grants Plaintiff the relief requested herein.

73.     Upon information and belief, the discriminatory conduct of Defendant was willful, malicious, fraudulent, oppressive, and in conscious disregard for the rights of the Plaintiff.  As a result, punitive damages are appropriate in an amount to be determined by the trier of fact.

74.     Based upon the foregoing, Plaintiff is entitled to judgment against the Defendant in an amount to be proven at trial, which in no event is expected to be less than Seven Hundred Twenty-Nine Thousand One Hundred Seventy-Four and no/100 ($729,174.00) Dollars, and

Plaintiff is further entitled to punitive damages, Plaintiff's attorneys' fees, costs and disbursements in connection with this action, and interest thereupon.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
**[NYS HUMAN RIGHTS LAW – HOSTILE WORK ENVIRONMENT]**

75.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number "1" through "74" as if said paragraphs were set forth herein in their entirety.

76.     By the acts and practices described above, Defendant created a hostile work environment in violation of the New York State Human Rights Law.

77.     Such actions altered the terms and conditions of her employment in violation of the New York State Human Rights Law.

78.     Defendant knew that its actions constituted hostile work environment of such a severe and pervasive nature so as to show reckless disregard to the Plaintiff's statutorily protected rights.  Plaintiff is now suffering irreparable injury and monetary damages as a result of Defendant's discriminatory conduct and will continue to do so unless and until the Court grants Plaintiff the relief requested herein.

79.     Upon information and belief, the discriminatory conduct of Defendant American Express was willful, malicious, fraudulent, oppressive, and in conscious disregard for the rights of the Plaintiff.  As a result, punitive damages are appropriate in an amount to be determined by the trier of fact.

80.     Based upon the foregoing, Plaintiff is entitled to judgment against the Defendant in an amount to be proven at trial, which in no event is expected to be less than Seven Hundred Twenty-Nine Thousand One Hundred Seventy-Four and no/100 ($729,174.00) Dollars, and

Plaintiff is further entitled to punitive damages, Plaintiff's attorneys' fees, costs and disbursements in connection with this action, and interest thereupon.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (NY LABOR LAW-UNPAID BENEFITS OR WAGE SUPPLEMENTS)

81.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number "1" through "80" as if said paragraphs were set forth herein in their entirety.

82.     By the acts and practices described above, Defendant failed to pay severance pay, retirement pay, and/or stock benefits to Plaintiff, as offered and promised compensation under the terms of her employment.

83.     Plaintiff worked for Defendant based upon the expectations of the guaranteed wages and benefits that were to accrue to her at her fifty-fifth (55th) birthday.

84.     Upon information and belief, Defendant unjustly terminated Plaintiff to avoid paying such benefits to Plaintiff.

85.     Such actions are in violation of Article 6 of New York State Labor Law.

86.     Defendant knew that its actions constituted illegal conduct.

87.     Upon information and belief, the conduct of Defendant was willful, malicious, fraudulent, oppressive, and in conscious disregard for the rights of the Plaintiff.  As a result, punitive damages are appropriate in an amount to be determined by the trier of fact.

88.     Based upon the foregoing, Plaintiff is entitled to judgment against the Defendant in an amount to be proven at trial, which in no event is expected to be less than Seven Hundred Twenty-Nine Thousand One Hundred Seventy-Four and no/100 ($729,174.00) Dollars, and Plaintiff is further entitled to punitive damages, Plaintiff's attorneys' fees, costs and disbursements in connection with this action, and interest thereupon.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Jacqueline Gerham, respectfully requests that this Court enter judgment against the Defendant as follows:

a.      Declaring that the acts and practices complained herein are in violation of Title VII of the Civil Rights Act, the New York State Human Rights Law, the Age Discrimination in Employment Act, and New York State Labor Law enjoining, and permanently restraining such violations;

b.      Directing Defendant to compensate Plaintiff for all severance pay, retirement and stock options she would have received but for the Defendant's unlawful conduct, including, but not limited to, wages, bonuses, back-wages, and other losses together with front-salary and benefits, in an amount to be proven at trial, which in no event is expected to be less than Seven Hundred Twenty-Nine Thousand One Hundred Seventy-Four and no/100 ($729,174.00) Dollars;

c.      Awarding Plaintiff liquidated damages in an amount equal to double the award of Plaintiff's back-salary and fringe benefits;

d.      Directing the Defendant to pay Plaintiff an additional amount as compensatory damages for her pain and suffering, including but not limited to, mental anguish as to be determined by the trier of fact;

e.      Directing the Defendant to pay an additional amount as punitive damages for the willful and reckless disregard for Plaintiff's statutorily protected rights as to be determined by the trier of fact;

f.      Awarding Plaintiff pre-judgment and post-judgment interest on each of the foregoing sums as allowed by law;

g.    Awarding Plaintiff her reasonable attorneys' fees, costs, and disbursements; and

h.    Granting such other and further relief as this Court deems just and proper.

DATED:  August 9, 2019                    Respectfully submitted,

                                          TOWNE, RYAN & PARTNERS, P.C.


                                          By: _____
                                          Claudia A. Ryan, Esq.
                                          Bar Roll #: 1678
                                          *Attorneys for Plaintiff*
                                          450 New Karner Road
                                          P.O. Box 15072
                                          Albany, New York 12212
                                          (518) 452-1800

16

# EXHIBIT "A"

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.

NYS Division of Human Rights

**AGENCY**

[x] NYS Division of Human Rights

[X] EEOC

**CHARGE NUMBER**

---

NAME *(Indicate Mr., Ms., Mrs.)*
Jacqueline Gerham

STREET ADDRESS
143 East Shore Drive

CITY, STATE AND ZIP CODE
Massapequa, NY 11758

HOME TELEPHONE *(Include Area Code)*
(516) 797-4832

DATE OF BIRTH
12/7/1962

---

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below)

NAME
American Express Company

NUMBER OF EMPLOYEES, MEMBERS
20+

TELEPHONE *(Include Area Code)*
(212) 640 - 2000

STREET ADDRESS
200 Vesey Street

CITY, STATE AND ZIP CODE
New York, NY 10281

COUNTY
New York -Manhattan

---

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box (es)*

[ ] RACE   [ ] COLOR   [X] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN

[X] RETALIATION   [X] AGE   [ ] DISABILITY   [ ] OTHER Pregnancy Act

[ ] CONTINUING ACTION

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA)   LATEST (ALL)

11/1/2017

---

THE PARTICULARS ARE *(If additional space is needed, attach extra sheet(s)*

Please see attached complaint.

---

[x] I want this charge filed with both the EEOC and the New York State Division of Human Rights. I will advise the agencies if I change my address or telephone Number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 6/24/20  Charging Party: *Jacqueline A Gerham*

State of New York:
County of Albany:

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

/s/ *Jacqueline A Gerham*   6/24/208
SIGNATURE OF COMPLAINANT   DATE

Sworn to and subscribed to before the undersigned notary public in and for said jurisdiction this 24 day of JUNE , 2018.

My commission expires: 4 2 ,2022   *Stephanie Milano*
Notary Public

EEOC Form 5 modified

STEPHANIE MILANO
NOTARY PUBLIC-STATE OF NEW YORK
No. 01MI6373075
Qualified in Nassau County
My Commission Expires 04-02-2022

JUL 1 7 2018

**New York State Division of Human Rights**
**Employment Complaint Form**

---

**1. Your contact information:**

First Name: Jacqueline

Middle Initial/Name:

Last Name: Gerham

Street Address/ PO Box: 143 East Shore Drive

Apt or Floor #:

City: Massapequa

State: NY

Zip Code: 11758

---

**2. Regulated Areas:** You believe you were discriminated against in the area of:

☒ Employment *(including paid internship)*
☐ Apprentice Training
☐ Internship *(unpaid only)*
☐ Volunteer Firefighting *(excludes disability, age, domestic violence victim status, arrest, conviction, genetic history)*

☐ Labor Organization
☐ Employment Agencies
☐ Licensing

---

**3. You are filing a complaint against:**

Employer Name: American Express Company

Street Address/ PO Box: 200 Vesey Street

City: New York

State: NY

Zip Code: 10281

Telephone Number: ( 212 ) 640-2000          Ext.

In what *county or borough* did the violation take place?

New York County - Manhattan

Individual people who discriminated against you:

Name: Anre Williams          Title: President, Global Merchant Services

Name: Gaurav Saxena          Title: Vice President for Strategy, Planning & Development

If you need more space, please list them on a separate piece of paper.

---

**4. Date of alleged discrimination** *(must be within one year of filing)*:

The most recent act of discrimination happened on:     NOV     1     2017
                                                       month   day   year

---

**5. For employment and internships, how many employees does this company have?**

☐ 1-3     ☐ 4-14     ☐ 15-19     ☒ 20 or more     ☐ Don't know

---

**6. Are you currently working for this company?**

☐ Yes. Date of hire: ___ month ___ day ___ year     What is your position?

☒ No. Last day of work: NOV month 1 day 2017 year     What was your position?

☐ I was never hired. Date of application: ___ month ___ day ___ year     What position did you apply for?

---

**7. Basis of alleged discrimination:**
Check *ONLY* the boxes that you believe were the reasons for discrimination. Please look at page 2 of "Instructions" for an explanation of each type of discrimination.

| | |
|---|---|
| ☒ Age:<br>Date of Birth: __12/07/1962__ | ☐ Military Status:<br>☐ Active Duty    ☐ Reserves |
| ☐ Arrest Record *(resolved in your favor or youthful offender record or sealed conviction record)* | ☐ National Origin:<br>Please specify: _____ |
| ☐ Conviction Record | ☐ Predisposing Genetic Characteristic:<br>Please specify: _____ |
| ☐ Creed/ Religion:<br>Please specify: _____ | ☐ Pregnancy-Related Condition:<br>Please specify: _____ |
| ☐ Disability:<br>Please specify: _____ | ☐ Race/Color or Ethnicity:<br>Please specify: _____ |
| ☐ Domestic Violence Victim Status | ☐ Sexual Orientation:<br>Please specify: _____ |
| ☐ Familial Status:<br>Please specify: _____ | ☒ Sex:<br>Please specify: _Gender - Female_<br>Specify if the discrimination involved:<br>☐ Pregnancy  ☐ Gender Identity ☐ Transgender Status<br>☐ Sexual Harassment |
| ☐ Marital Status:<br>Please specify: _____ | |

If you believe you were treated differently after you filed or helped someone file a discrimination complaint, participated as a witness to a discrimination complaint, or opposed or reported discrimination due to any category above, check below:

☒ Retaliation: How you did you oppose discrimination: _____

**8. Acts of alleged discrimination:** *What did the person/company you are complaining against do? Check all that apply*

| | | | |
|---|---|---|---|
| ☐ Refused to hire me | ☐ Denied me an accommodation for my disability or pregnancy-related condition | ☒ Denied me leave time or other benefits | ☐ Harassed/ intimidated me (other than sexual harassment) |
| ☒ Fired me/laid me off | ☐ Denied me overtime benefits | ☐ Sexually harassed or intimidated me | ☐ Did not call back after lay-off |
| ☐ Demoted me | ☐ Paid me a lower salary than other co-workers doing the same job | ☐ Gave me different or worse job duties than other workers doing the same job | ☐ Denied me services/treated differently by employment agency |
| ☐ Suspended me | ☐ Denied me an accommodation for my religious practices | ☐ Gave me a disciplinary notice or negative performance review | ☐ Unlawful inquiry, or limitation, specification or discrimination in job advertisement |
| ☐ Denied me training | ☒ Denied me promotion/ pay raise | ☐ Denied a license by a licensing agency | ☐ Other: |

9. Description of alleged discrimination

*Tell us more about each act of discrimination that you experienced. Please include dates, names of people involved, and explain why you think it was discriminatory. TYPE OR PRINT CLEARLY.*

Please see attached complaint.

*If you need more space to write, please continue writing on a separate sheet of paper and attach it to the complaint form.  DO NOT WRITE IN THE MARGINS OR ON THE BACK OF THIS FORM.*

3
Complaint

STATE OF NEW YORK   )
                        ) ss:         JUL 1 7 2018
COUNTY OF ALBANY   )

JUL 1 7 2018

Jacqueline Gerham, being duly sworn, deposes and says the following:

1.   I was employed by American Express Company (hereinafter, the "Company") for more than twenty-five (25) years and worked at the Company's headquarters located at 200 Vesey Street, New York, New York, also known as the "American Express Tower".

2.   I am presently fifty-five (55) years of age; my date of birth is December 7, 1962.

3.   Most recently, I was employed by the Company as a Director of its Global Merchant Services team.

4.   On November 1, 2017, when I was approximately five (5) weeks away from turning fifty-five (55) years of age, I was terminated from my employment.

5.   I was not provided with severance pay, health insurance or other benefits, despite the Company's extensive written severance policy which provides that employees are entitled to certain levels of severance pay and benefits commensurate with the employee's tenure with the Company.

6.   Based upon the Company's severance policy, having at least twenty-five (25) years of service, I should have received sixty (60) weeks of severance pay.

7.   Additionally, based upon the Company's policy regarding retirement benefits, if I had been terminated five (5) weeks later at age fifty-five (55), rather than at age fifty-four (54), I would have been eligible for retiree medical coverage.  However, because I was terminated at age fifty-four (54), I am not eligible for retiree medical coverage.

8.   Further, as I was terminated five (5) weeks before turning fifty-five (55), I lost all of my unvested stock, which totaled approximately forty-three (43%) percent of my Company stock.

1

Additionally, two hundred thirty-five (235) of my shares would have vested in January 2018, had I not been terminated two (2) months earlier.

9.   The Company has a culture of discriminating against employees, especially females, based upon their age.

10. For instance, the Company employs and/or promotes very few women over the age of fifty (50) to positions similar to the position I held at the time I was terminated.

11. To the contrary, there are very few women in my age group who work in the American Express Tower, aside from administrative and technology staff.

12. Throughout at least the last decade of my employment with the Company, I was constantly made to feel that my opportunities for advancement within the organization were becoming increasingly limited – and eventually nonexistent – as I aged.

13. For several years, I was caused to be in fear of being forced out of the organization due to my age, and I felt increasing pressure to demonstrate that my high performance would continue as I got older, and that older employees such as myself are still able participate in team activities.

14. Importantly, the Company provides annual employee assessments in which leaders are supposed to identify each employee's career potential and discuss opportunities for advancement within the Company with each individual employee.

15. I was routinely given these assessments during approximately my first ten (10) years of employment with the Company, when I was in my thirties (30s).

16. However, once I was in my mid-to-late-forties (40s), I came to realize that the Company had stopped discussing or sharing my advancement opportunities with me.

17. Instead, I was made to believe that there was no longer a need to discuss my career progression with the Company, as I was "aging out" of my employment.

18. The Company disciplined older workers, including myself, more severely than younger workers.

19. A few months before my termination, the Company performed an audit of the Company's Travel & Expense Voucher reimbursements in my department.

20. When I was terminated a few months later, representatives of the Company, including Gaurav Saxena, Vice President for Strategy, Planning and Development, and Human Resource Management personnel cited "undisclosed violations" of the Company's Travel & Expense Voucher policy and the Code of Conduct as the grounds for my termination.

21. When confronted, I asserted, and continue to maintain, that I did not violate the Company's Travel & Expense Voucher policy or Code of Conduct. Rather, I followed the rules and relied upon the instruction and direction of my superiors, pursuant to Company policy.

22. Even if I had violated the Travel & Expense Voucher policy or Code of Conduct – which I did not – such violation would not be grounds for termination.

23. At the same time I was terminated, a much younger employee named Fiona Woodmass, who I believe is in her late-twenties (20s), was disciplined by receiving a mere warning for what I understand are the same alleged violations that were alleged against me.

24. In addition, the Company disciplined several other younger employees for the same violations by giving them low ratings and withholding their annual bonuses.

25. This inconsistent application of discipline among employees based upon age, with older employees being terminated while many younger employees received much less severe punishments, was discriminatory in nature and constitutes unlawful age discrimination.

26. It is also significant that following my termination, my position was filled by a significantly younger male employee.

27. I believe that I was wrongfully and unlawfully terminated due to my age and gender.

28. I further believe that the Company terminated my employment only five (5) weeks before my fifty-fifth (55th) birthday so that I would not be eligible for the Company's retiree medical coverage, which I would have otherwise been able to elect.

29. I also believe that I was terminated before turning fifty-five (55) years of age so that I would lose my large amount of unvested Company stock.

30. In addition, I also believe the Company terminated me in retaliation for refusing to defend the Company's termination of my former manager, Ms. Shruti Patel.

31. Shortly before Ms. Patel's termination, the Company's Human Resources personnel asked me to provide negative statements about her.

32. I refused to provide any negative statements about Ms. Patel, as my experiences with her had been positive.

33. In addition, I refused to support the Company's defense of its termination of Ms. Patel because I did not believe there were grounds to terminate her.

34. Rather, I indicated to my superiors that I did not believe Ms. Patel should be terminated and questioned the Company's motives for terminating her.

35. It is my understanding that Ms. Patel filed a complaint against the Company for discrimination based upon her race and/or national origin in the Fall of 2017.

36. I was terminated around the same time that Ms. Patel apparently brought her complaint against the Company.

37. The conduct described above is only a part of the Company's overall pattern of discrimination based upon the age and gender of its employees and retaliatory practices, and is

4

meant to provide an overview of the discriminatory and retaliatory practices that I was subjected to while employed by the Company.

38. In addition to loss of income, benefits and other monetary damages, I have suffered anxiety, mental anguish, stress and emotional distress as a result of the conduct described above.

39. Based upon the foregoing, I charge the above-named Respondent with unlawful discriminatory practices relating to my employment by repeatedly subjecting me to age discrimination, gender discrimination, wrongful termination and retaliation in violation of the New York State Human Rights Law.

40. I have not commenced any other civil actions, nor do I have an action pending before any administrative agency under any other law of this state based upon the same unlawful discriminatory practices described herein.

Jacqueline A Gerham
Jacqueline Gerham

Sworn before me this
24 day of June, 2018

Notary Public-State of New York

STEPHANIE MILANO
NOTARY PUBLIC-STATE OF NEW YORK
No. 01MI6373075
Qualified in Nassau County
My Commission Expires 04-02-2022

5

COPY

# CHARGE OF DISCRIMINATION

| | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy act statement before completing this form.<br><br>NYS Division of Human Rights | [X] NYS Division of Human Rights<br><br>[X] EEOC | |

| NAME (Indicate Mr., Ms., Mrs.)<br>Jacqueline Gerham | | HOME TELEPHONE (Include Area Code)<br>(516) 797-4832 |
|---|---|---|
| STREET ADDRESS<br>143 East Shore Drive | CITY, STATE AND ZIP CODE<br>Massapequa, NY 11758 | DATE OF BIRTH<br>12/7/1962 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below)

| NAME<br>American Express Company | NUMBER OF EMPLOYEES, MEMBERS<br>20+ | TELEPHONE (Include Area Code):<br>(212) 640 - 2000 |
|---|---|---|
| STREET ADDRESS<br>200 Vesey Street | CITY, STATE AND ZIP CODE<br>New York, NY 10281 | COUNTY<br>New York -Manhattan |

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box (es) | DATE DISCRIMINATION TOOK PLACE |
|---|---|
| [ ] RACE    [ ] COLOR    [X] SEX    [ ] RELIGION    [ ] NATIONAL ORIGIN<br><br>[X] RETALIATION    [X] AGE    [ ] DISABILITY    [ ] OTHER Pregnancy Act | EARLIEST (ADEA/EPA)    LATEST (ALL)<br>11/1/2017<br><br>[ ] CONTINUING ACTION |

THE PARTICULARS ARE (If additional space is needed, al ach extra sheet(s)

Please see attached complaint.

| | |
|---|---|
| [x] I want this charge filed with both the EEOC and the New York State Division of Human Rights.  I will advise the agencies if I change my address or telephone Number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.<br><br>I declare under penalty of perjury that the foregoing is true and correct.<br><br>Date 6/24/2018 Charging Party: *Jacqueline a Gerham* | State of New York:<br>County of Albany:<br><br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br><br>/s/ *Jacqueline A. Gerham*        6/24/2018<br>SIGNATURE OF COMPLAINANT        DATE<br><br>Sworn to and subscribed to before the undersigned notary public in and for said jurisdiction this 24 day of JUNE , 2018.<br><br>My commission expires: 4, 2, 2022   *SMilano*<br><br>Notary Public |

EEOC Form 5 modified

STEPHANIE MILANO
NOTARY PUBLIC-STATE OF NEW YORK
No. 01MI6373075
Qualified in Nassau County
My Commission Expires 04-02-2022

**New York State Division of Human Rights**
**Employment Complaint Form**

**1. Your contact information:**

| First Name | | Middle Initial/Name |
|---|---|---|
| Jacqueline | | |

Last Name
Gerham

| Street Address/ PO Box | Apt or Floor #: |
|---|---|
| 143 East Shore Drive | |

| City | State | Zip Code |
|---|---|---|
| Massapequa | NY | 11758 |

**2. Regulated Areas:** You believe you were discriminated against in the area of:

☒ Employment *(including paid internship)*    ☐ Labor Organization
☐ Apprentice Training    ☐ Employment Agencies
☐ Internship *(unpaid only)*    ☐ Licensing
☐ Volunteer Firefighting *(excludes disability, age, domestic violence victim status, arrest, conviction, genetic history)*

**3. You are filing a complaint against:**

| Employer Name | American Express Company |
|---|---|

Street Address/ PO Box
200 Vesey Street

| City | State | Zip Code |
|---|---|---|
| New York | NY | 10281 |

Telephone Number:
( 212 ) 640-2000         Ext.

In what *county or borough* did the violation take place?

New York County - Manhattan

Individual people who discriminated against you:

| Name: | Anre Williams | Title: | President, Global Merchant Services |
|---|---|---|---|
| Name: | Gaurav Saxena | Title: | Vice President for Strategy, Planning & Development |

If you need more space, please list them on a separate piece of paper.

**4. Date of alleged discrimination** *(must be within one year of filing):*

The most recent act of discrimination happened on:   <u>NOV</u>   <u>1</u>   <u>2017</u>
                                           month    day    year

**5. For employment and internships, how many employees does this company have?**

☐ 1-3    ☐ 4-14    ☐ 15-19    ☒ 20 or more    ☐ Don't know

**6. Are you currently working for this company?**

| ☐ Yes. Date of hire: <br> month  day  year | What is your position? |
|---|---|
| ☒ No. Last day of work: <u>NOV</u> <u>1</u> <u>2017</u> <br> month  day  year | What was your position? |
| ☐ I was never hired. <br> Date of application: <br> month  day  year | What position did you apply for? |

**7. Basis of alleged discrimination:**

Check *ONLY* the boxes that you believe were the reasons for discrimination. Please look at page 2 of "Instructions" for an explanation of each type of discrimination.

| | |
|---|---|
| ☒ Age:<br>    Date of Birth:  <u>12/07/1962</u> | ☐ Military Status:<br>    ☐ Active Duty     ☐ Reserves |
| ☐ Arrest Record *(resolved in your favor or youthful offender record or sealed conviction record)* | ☐ National Origin:<br>    Please specify: _____ |
| ☐ Conviction Record | ☐ Predisposing Genetic Characteristic:<br>    Please specify: _____ |
| ☐ Creed/ Religion:<br>    Please specify: _____ | ☐ Pregnancy-Related Condition:<br>    Please specify: _____ |
| ☐ Disability:<br>    Please specify: _____ | ☐ Race/Color or Ethnicity:<br>    Please specify: _____ |
| ☐ Domestic Violence Victim Status | ☐ Sexual Orientation:<br>    Please specify: _____ |
| ☐ Familial Status:<br>    Please specify: _____ | ☒ Sex:<br>    Please specify:  <u>Gender - Female</u><br>Specify if the discrimination involved:<br>☐ Pregnancy  ☐ Gender Identity ☐ Transgender Status<br>☐ Sexual Harassment |
| ☐ Marital Status:<br>    Please specify: _____ | |

If you believe you were treated differently after you filed or helped someone file a discrimination complaint, participated as a witness to a discrimination complaint, or opposed or reported discrimination due to any category above, check below:

☐ **Retaliation:** How you did you oppose discrimination: _____

**8. Acts of alleged discrimination:** *What did the person/company you are complaining against do? Check all that apply*

| | | | |
|---|---|---|---|
| ☐ Refused to hire me | ☐ Denied me an accommodation for my disability or pregnancy-related condition | ☒ Denied me leave time or other benefits | ☐ Harassed/ intimidated me (other than sexual harassment) |
| ☒ Fired me/laid me off | ☐ Denied me overtime benefits | ☐ Sexually harassed or intimidated me | ☐ Did not call back after lay-off |
| ☐ Demoted me | ☐ Paid me a lower salary than other co-workers doing the same job | ☐ Gave me different or worse job duties than other workers doing the same job | ☐ Denied me services/treated differently by employment agency |
| ☐ Suspended me | ☐ Denied me an accommodation for my religious practices | ☐ Gave me a disciplinary notice or negative performance review | ☐ Unlawful inquiry, or limitation, specification or discrimination in job advertisement |
| ☐ Denied me training | ☒ Denied me promotion/ pay raise | ☐ Denied a license by a licensing agency | ☐ Other: |

9. Description of alleged discrimination

*Tell us more about each act of discrimination that you experienced. Please include dates, names of people involved, and explain why you think it was discriminatory. TYPE OR PRINT CLEARLY.*

<u>Please see attached complaint.</u>

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

*If you need more space to write, please continue writing on a separate sheet of paper and attach it to the complaint form.  DO NOT WRITE IN THE MARGINS OR ON THE BACK OF THIS FORM.*

## Notarization of Complaint

Based on the information contained in this form, I charge the herein named respondent(s) with an unlawful discriminatory practice, in violation of the New York State Human Rights Law.

By filing this complaint, I understand that I am also filing my employment complaint with the United States Equal Employment Opportunity Commission under the Americans With Disabilities Act (covers disability related to employment), Title VII of the Civil Rights Act of 1964, as amended (covers race, color, religion, national origin, sex relating to employment), and/or the Age Discrimination in Employment Act, as amended (covers ages 40 years of age or older in employment). This complaint will protect my rights under federal law.

I hereby authorize the New York State Division of Human Rights to accept this complaint on behalf of the U.S. Equal Employment Opportunity Commission, subject to the statutory limitations contained in the aforementioned law.

I have not filed any other civil action, nor do I have an action pending before any administrative agency, under any state or local law, based upon this same unlawful discriminatory practice.
**PLEASE INITIAL** _____

I swear under penalty of perjury that I am the complainant herein; that I have read (or have had read to me) the foregoing complaint and know the contents of this complaint; and that the foregoing is true and correct, based on my current knowledge, information, and belief.

_Jacqueline A. Lecham_
Sign your full legal name

|                                          |                                                                                                                                    |
|------------------------------------------|------------------------------------------------------------------------------------------------------------------------------------|
| Subscribed and sworn before me           | STEPHANIE MILANO                                                                                                                    |
| This 24 day of JUNE , 20 18              | NOTARY PUBLIC-STATE OF NEW YORK                                                                                                    |
|                                          | No. 01MI6373075                                                                                                                     |
| _SMilano_                                | Qualified in Nassau County                                                                                                          |
| Signature of Notary Public               | My Commission Expires 04-02-2022                                                                                                   |

County: Nassau   Commission expires: 4-2-2022

STEPHANIE MILANO
NOTARY PUBLIC-STATE OF NEW YORK
No. 01MI6373075
Qualified in Nassau County
My Commission Expires 04-02-...

**_Please note: Once this form is completed, notarized, and returned to the New York State Division of Human Rights, it becomes a legal document and an official complaint with the Division._**

## Additional Information

*This page is for the Division's records and will remain confidential and will not be sent to the company or person(s) whom you are filing against.*

---

**1. Contact Information**

| My primary telephone number: | My secondary telephone number: |
|---|---|
| ( 516 )  797  -  4832 | (     )      - |

| My email address: | Date of birth: |
|---|---|
| | 12/7/1962 |

Contact person: *(Someone who does not live with you but will know how to contact you if the Division cannot reach you)*

Name: James T. Towne, Jr., Esq.; John A. Musacchio, Esq.; Towne, Ryan & Partners, P.C.

Telephone number: ( 518 )  452  -  1800

Address:  450 New Karner Road, PO Box 15072, Albany NY 12212

Email address:  james.towne@townelaw.com; john.musacchio@townelaw.com

Relationship to me:  Attorneys

---

**2. Special Needs**

I am in need of:

☐ Interpretation (if so what language?): _____

☐ Accommodations for a disability: _____

☐ Privacy.  Keep my contact information confidential as I am a victim of domestic violence

☐ Other: _____

---

**3. Settlement / Conciliation**

To settle this complaint, I would accept: *(Explain what you want to happen as a result of this complaint. Do you want a letter of apology, your job back, lost wages, an end to the harassment, etc.?)*

_____

_____

_____

---

**4. Witnesses** *(information about witnesses may be shared with the parties as necessary for the investigation)*

The following people saw or heard the discrimination and can act as witnesses:

Name: _____    Title: _____

Telephone Number: (     ) _____ - _____    Relationship to me: _____

What did this person witness?

_____

_____

Name: _____    Title: _____

Telephone Number: (     ) _____ - _____    Relationship to me: _____

What did this person witness?

_____

_____

**5. Did you report or complain about the discrimination to someone else?**  ☒ Yes  ☐ No

Gaurav Saxena, Vice President for Strategy, Planning & Development; Human Resource Management personnel

**If yes, how exactly did you complain about the discrimination?** *(To whom did you complain?)*

Please see attached complaint.

_____

_____

_____

_____

| Date you reported or complained about discrimination: | 11 | 1 | 2017 |
|---|---|---|---|
| | month | day | year |

**What happened after you complained?**

Please see attached complaint.

_____

_____

_____

**If you did not report the discrimination, please explain why:**

_____

_____

_____

_____

**6. Were other people treated the same as you? How?**
*(For example, people who were harassed by the same manager, disciplined or terminated for the same reasons, did not receive an accommodation for the same reasons, etc.).*
*If you are complaining about discrimination relating to race, national origin, age, religion, etc. please describe their races, national origins, religions, etc.*

Yes, please see attached complaint.

_____

_____

_____

**7. Were other people treated better than you? How?**
*(For example, people who were not fired for doing the same thing you were fired for, people who were doing the same job but making more money, etc.).*
*If you are complaining about discrimination relating to race, national origin, age, religion, etc. please describe their races, national origins, religions, etc.*

Yes, please see attached complaint.

_____

_____

_____

STATE OF NEW YORK    )
                              ) ss:

COUNTY OF ALBANY    )

Jacqueline Gerham, being duly sworn, deposes and says the following:

1. I was employed by American Express Company (hereinafter, the "Company") for more than twenty-five (25) years and worked at the Company's headquarters located at 200 Vesey Street, New York, New York, also known as the "American Express Tower".

2. I am presently fifty-five (55) years of age; my date of birth is December 7, 1962.

3. Most recently, I was employed by the Company as a Director of its Global Merchant Services team.

4. On November 1, 2017, when I was approximately five (5) weeks away from turning fifty-five (55) years of age, I was terminated from my employment.

5. I was not provided with severance pay, health insurance or other benefits, despite the Company's extensive written severance policy which provides that employees are entitled to certain levels of severance pay and benefits commensurate with the employee's tenure with the Company.

6. Based upon the Company's severance policy, having at least twenty-five (25) years of service, I should have received sixty (60) weeks of severance pay.

7. Additionally, based upon the Company's policy regarding retirement benefits, if I had been terminated five (5) weeks later at age fifty-five (55), rather than at age fifty-four (54), I would have been eligible for retiree medical coverage. However, because I was terminated at age fifty-four (54), I am not eligible for retiree medical coverage.

8. Further, as I was terminated five (5) weeks before turning fifty-five (55), I lost all of my unvested stock, which totaled approximately forty-three (43%) percent of my Company stock.

1

Additionally, two hundred thirty-five (235) of my shares would have vested in January 2018, had I not been terminated two (2) months earlier.

9.   The Company has a culture of discriminating against employees, especially females, based upon their age.

10. For instance, the Company employs and/or promotes very few women over the age of fifty (50) to positions similar to the position I held at the time I was terminated.

11. To the contrary, there are very few women in my age group who work in the American Express Tower, aside from administrative and technology staff.

12. Throughout at least the last decade of my employment with the Company, I was constantly made to feel that my opportunities for advancement within the organization were becoming increasingly limited – and eventually nonexistent – as I aged.

13. For several years, I was caused to be in fear of being forced out of the organization due to my age, and I felt increasing pressure to demonstrate that my high performance would continue as I got older, and that older employees such as myself are still able participate in team activities.

14. Importantly, the Company provides annual employee assessments in which leaders are supposed to identify each employee's career potential and discuss opportunities for advancement within the Company with each individual employee.

15. I was routinely given these assessments during approximately my first ten (10) years of employment with the Company, when I was in my thirties (30s).

16. However, once I was in my mid-to-late-forties (40s), I came to realize that the Company had stopped discussing or sharing my advancement opportunities with me.

17. Instead, I was made to believe that there was no longer a need to discuss my career progression with the Company, as I was "aging out" of my employment.

2

18. The Company disciplined older workers, including myself, more severely than younger workers.

19. A few months before my termination, the Company performed an audit of the Company's Travel & Expense Voucher reimbursements in my department.

20. When I was terminated a few months later, representatives of the Company, including Gaurav Saxena, Vice President for Strategy, Planning and Development, and Human Resource Management personnel cited "undisclosed violations" of the Company's Travel & Expense Voucher policy and the Code of Conduct as the grounds for my termination.

21. When confronted, I asserted, and continue to maintain, that I did not violate the Company's Travel & Expense Voucher policy or Code of Conduct. Rather, I followed the rules and relied upon the instruction and direction of my superiors, pursuant to Company policy.

22. Even if I had violated the Travel & Expense Voucher policy or Code of Conduct – which I did not – such violation would not be grounds for termination.

23. At the same time I was terminated, a much younger employee named Fiona Woodmass, who I believe is in her late-twenties (20s), was disciplined by receiving a mere warning for what I understand are the same alleged violations that were alleged against me.

24. In addition, the Company disciplined several other younger employees for the same violations by giving them low ratings and withholding their annual bonuses.

25. This inconsistent application of discipline among employees based upon age, with older employees being terminated while many younger employees received much less severe punishments, was discriminatory in nature and constitutes unlawful age discrimination.

26. It is also significant that following my termination, my position was filled by a significantly younger male employee.

3

27. I believe that I was wrongfully and unlawfully terminated due to my age and gender.

28. I further believe that the Company terminated my employment only five (5) weeks before my fifty-fifth (55th) birthday so that I would not be eligible for the Company's retiree medical coverage, which I would have otherwise been able to elect.

29. I also believe that I was terminated before turning fifty-five (55) years of age so that I would lose my large amount of unvested Company stock.

30. In addition, I also believe the Company terminated me in retaliation for refusing to defend the Company's termination of my former manager, Ms. Shruti Patel.

31. Shortly before Ms. Patel's termination, the Company's Human Resources personnel asked me to provide negative statements about her.

32. I refused to provide any negative statements about Ms. Patel, as my experiences with her had been positive.

33. In addition, I refused to support the Company's defense of its termination of Ms. Patel because I did not believe there were grounds to terminate her.

34. Rather, I indicated to my superiors that I did not believe Ms. Patel should be terminated and questioned the Company's motives for terminating her.

35. It is my understanding that Ms. Patel filed a complaint against the Company for discrimination based upon her race and/or national origin in the Fall of 2017.

36. I was terminated around the same time that Ms. Patel apparently brought her complaint against the Company.

37. The conduct described above is only a part of the Company's overall pattern of discrimination based upon the age and gender of its employees and retaliatory practices, and is

4

meant to provide an overview of the discriminatory and retaliatory practices that I was subjected to while employed by the Company.

38. In addition to loss of income, benefits and other monetary damages, I have suffered anxiety, mental anguish, stress and emotional distress as a result of the conduct described above.

39. Based upon the foregoing, I charge the above-named Respondent with unlawful discriminatory practices relating to my employment by repeatedly subjecting me to age discrimination, gender discrimination, wrongful termination and retaliation in violation of the New York State Human Rights Law.

40. I have not commenced any other civil actions, nor do I have an action pending before any administrative agency under any other law of this state based upon the same unlawful discriminatory practices described herein.

_Jacqueline A Gerham_
Jacqueline Gerham

Sworn before me this
24 day of June, 2018

_SMlano_
Notary Public-State of New York

STEPHANIE MILANO
NOTARY PUBLIC-STATE OF NEW YORK
No. 01MI6373075
Qualified in Nassau County
My Commission Expires 04-02-2022

5

## Notarization of Complaint

Based on the information contained in this form, I charge the herein named respondent(s) with an unlawful discriminatory practice, in violation of the New York State Human Rights Law.

By filing this complaint, I understand that I am also filing my employment complaint with the United States Equal Employment Opportunity Commission under the Americans With Disabilities Act (covers disability related to employment), Title VII of the Civil Rights Act of 1964, as amended (covers race, color, religion, national origin, sex relating to employment), and/or the Age Discrimination in Employment Act, as amended (covers ages 40 years of age or older in employment). This complaint will protect my rights under federal law.

I hereby authorize the New York State Division of Human Rights to accept this complaint on behalf of the U.S. Equal Employment Opportunity Commission, subject to the statutory limitations contained in the aforementioned law.

I have not filed any other civil action, nor do I have an action pending before any administrative agency, under any state or local law, based upon this same unlawful discriminatory practice.
**PLEASE INITIAL** _(initialed)_

I swear under penalty of perjury that I am the complainant herein; that I have read (or have had read to me) the foregoing complaint and know the contents of this complaint; and that the foregoing is true and correct, based on my current knowledge, information, and belief.

_Jacqueline A Sletten_
Sign your full legal name

Subscribed and sworn before me
This 24 day of June , 20 18
_SMilano_
Signature of Notary Public

STEPHANIE MILANO
NOTARY PUBLIC-STATE OF NEW YORK
No. 01MI6373075
Qualified in Nassau County
My Commission Expires 04-02-2022

County: Nassau   Commission expires: 4-2-2022

STEPHANIE MILANO
NOTARY PUBLIC-STATE OF NEW Y[.]
No. 01MI6373075
Qualified in Nassau Coun[..]
My Commission Expires 04-0[.]

*Please note: Once this form is completed, notarized, and returned to the New York State Division of Human Rights, it becomes a legal document and an official complaint with the Division.*

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004-2112

Jacqueline Gerham
143 East Shore Drive
Massapequa, NY 11758

EEOC Charge Number: 16GB805075
NYSDHR Case Number: 10196999

**NOTICE**

This office has been informed that you filed a complaint of employment discrimination with the New York State Division of Human Rights (NYSDHR). The purpose of this notice is to inform you of your federal rights pursuant to one or more of the statutes under which you may have filed. Please be advised that your complaint will be investigated by the New York State Division of Human Rights, not the Federal Equal Employment Opportunity Commission (EEOC). All questions, correspondence and status reports with regard to your case must be directed to the New York State Division of Human Rights office where your complaint was filed.

**YOUR FEDERAL RIGHTS** (if you filed under):

[X] Title VII of the Civil Rights Act of 1964, as amended — If you want to file a private lawsuit in federal district court with your own private attorney because you do not want the New York State Division of Human Rights to conduct an investigation, you may request from the EEOC a Notice of Right to Sue, 180 days after you have filed your complaint. Once the EEOC grants your request, it is only valid for ninety (90) days from the date the Notice was issued, after which your time to sue expires. If you want the New York State Division of Human Rights to conduct an investigation, you do not need to make this request, or to contact or write either agency. The New York State Division of Human Rights will contact you and/or advise you in the near future of their investigation and determination findings.

[ ] The Americans with Disabilities Act of 1990 (ADA) — Same as Title VII, above.

[X] The Age Discrimination in Employment Act of 1967, as amended(ADEA) — If you want to file a private lawsuit with your own private attorney, you could do so any time after 60 days from the date you filed your complaint with the New York State Division of Human Rights. This is only if you do not want the New York State Division of Human Rights to conduct an investigation, otherwise you do not need to do anything at this time. The New York State Division of Human Rights will contact you and/or advise you in the near future of their investigation and determination findings.

Date: September 21, 2018

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004-2112


## EEOC REVIEW PROCEDURE

If you want the EEOC to review the New York State Division of Human Rights final determination, because you are not satisfied with their final findings, you may request that the EEOC conduct a substantial weight review.  This request must be done in writing to the EEOC and within <u>fifteen (15) days</u> from the date you received the New York State Division of Human Rights final determination.  Otherwise, we will adopt the state findings.

You review request must specify the reason(s) why you do not agree with the New York State Division of Human Rights final determination.

Mail your request for substantial weight review to:

Equal Employment Opportunity Commission
Attn: State and Local Unit
33 Whitehall Street, 5th Floor
New York, New York 10004-2112

This address is for review purposes only.  Remember, if you have questions concerning the status of your case, you must contact the New York State Division of Human Rights.


Date: September 21, 2018


cc:   Towne, Ryan & Partners, PC
      Attn: John A. Musacchio, Esq
      450 New Karner Road PO Box 15072
      Albany, NY 12212

Page 2

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004-2112

TO:
American Express Company, Inc.
3 World Financial Center, 200 Vesey Street,
49th Floor
New York, NY 10285-4909

PERSON FILING CHARGE:
    Jacqueline Gerham
THIS PERSON (Check one):
    Claims to be aggrieved [x]
    Files on behalf of other(s) [ ]
DATE OF ALLEGED VIOLATION:
    11/1/2017
PLACE OF ALLEGED VIOLATION:
    New York County
EEOC CHARGE NUMBER:
    16GB805075
FEPA CHARGE NUMBER:
    10196999

NOTICE OF CHARGE OF DISCRIMINATION WHERE AN FEP AGENCY WILL INITIALLY PROCESS

YOU ARE HEREBY NOTIFIED THAT A CHARGE OF EMPLOYMENT DISCRIMINATION UNDER

    [X]  Title VII of the Civil Rights Act of 1964
    [X]  The Age Discrimination in Employment Act of 1967 (ADEA)
    [ ]  The Americans with Disabilities Act (ADA)

HAS BEEN RECEIVED BY: The New York State Division of Human Rights (FEP Agency) and sent to the EEOC for dual filing purposes.

While the EEOC has jurisdiction (upon expiration of any deferral requirements if this I a Title VII or ADA charge) to investigate this charge, EEOC may refrain from beginning an investigation and await the issuance of the FEP Agency's final findings and orders.  These final findings and orders will be given weight by EEOC in making its own determination as to whether or not reasonable cause exists to believe that the allegations made in the charge are true.

You are therefore encouraged to cooperate fully with the FEP Agency.  All facts and evidence provided by you to the Agency in the course of its proceedings will be considered by the Commission when it reviews the Agency's final findings and orders.  In many instances the Commission will take no further action, thereby avoiding the necessity of an investigation by both the FEP Agency and the Commission.  This likelihood is increased by your active cooperation with the Agency.

As a party to the charge, you may request that EEOC review the final decision and order of the above named FEP Agency.  For such a request to be honored, you must notify the Commission in writing within 15 days of your receipt of the Agency's issuing a final finding and order.  If the Agency terminates its proceedings without issuing a final finding and order, you will be contacted further by the Commission.

For further correspondence on this matter, please use the charge number(s) shown.

[ ]  An Equal Pay Act investigation (29 U.S.C. $206(d)) will be conducted by the
     Commission concurrently with the FEP Agency's investigation of the charge.

[X]  Enclosure: Copy of the Charge

BASIS FOR DISCRIMINATION:  Age, Sex

CIRCUMSTANCES OF ALLEGED VIOLATION:
     SEE ATTACHED N.Y.S. DIVISION OF HUMAN RIGHTS COMPLAINT

DATE: September 21, 2018

                              TYPED NAME OF AUTHORIZED EEOC OFFICIAL:
                              Kevin J. Berry

# EXHIBIT "B"

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Jacqueline Gerham<br>143 East Shore Drive<br>Massapequa, NY 11758 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2018-05075 | Holly M. Shabazz,<br>State & Local Program Manager | (212) 336-3643 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

_____          May 14, 2019
Kevin J. Berry,                              *(Date Mailed)*
District Director

Enclosures(s)

cc:

Attn: Director of Human Resources
AMERICAN EXPRESS COMPANY, INC.
3 World Financial Center
200 Vesey Street, 49th Floor
New York, NY 10285- 4909

Kevin J. Smith

Towne, Ryan & Partners, PC
Attn: John A. Musacchio, Esq.
450 New Karner Road
PO Box 15072
Albany, NY 12212