UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACQUELINE GERHAM,

        Plaintiff,

-against-

AMERICAN EXPRESS COMPANY,

        Defendant.

Case No. 1:19-cv-07467 (AKH)

    IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff Jacqueline Gerham ("Plaintiff") and Defendant American Express Company ("Defendant"), and the undersigned counsel for each of the foregoing parties to this agreement (collectively, the "Parties," and each individually a "Party"), that the following provisions shall govern disclosure and use of all documents and testimony in the above-captioned action and all appeals or related proceedings taken or filed in connection therewith ("the Litigation"):

    1.    Discovery (including, without limitation, informal discovery in connection with settlement or mediation) in this action may involve the disclosure of documents, things, and information in the possession, custody or control of the Parties or non-parties that constitute or contain Confidential Information, as defined below.

    2.    The Parties, and their employees, agents, attorneys, and representatives, shall follow the procedures set forth herein with respect to certain documents and other information produced and/or disclosed in connection with the Litigation.

3. <u>Definitions</u>:

(a) The term "Discovery Material" shall mean all documents or other information produced in connection with this Litigation by any Party or non-party, and deposition transcripts or recordings and the contents thereof.

(b) The term "Producing Party" shall mean any Party producing Discovery Material or designating Discovery Material as confidential.

(c) The term "Receiving Party" shall mean any Party who receives Discovery Material.

(d) The term "Confidential Information" shall mean all Discovery Material, all information contained therein, any information or documents containing any portion, abstract, or summary of such information, and other information designated as confidential, if such Discovery Material contains sensitive, personal information, trade secrets, proprietary business information, competitively sensitive information, or other information the disclosure of which would, in the good faith judgment of the Producing Party, be detrimental to the conduct of that Party's business or the business of any of that Party's customers or clients.

4. <u>Labeling of Confidential Information</u>. Any Discovery Material that constitutes or contains Confidential Information shall be conspicuously labeled "Confidential."

5. <u>Curing a Failure To Designate</u>. The inadvertent or unintentional production of documents or other material without labeling such documents as "Confidential" shall not be deemed a waiver in whole or in part of a Producing Party's claim to so label such information, provided that the Producing Party gives prompt written notice of the desired designation to all Parties after discovery of such inadvertent disclosure or failure to designate.

6. <u>Labeling of Deposition Transcripts</u>.

(a) Any Producing Party may designate all or part of a deposition transcript as "Confidential" on the record during the deposition, or by giving written notice to the court reporter and counsel for all Parties within ten (10) days after receiving the transcript from the court reporter.

(b) If, during a deposition, a question calls for an answer that any person desires to be governed by a confidentiality designation pursuant to this Order, that person may request any person to leave the room for the period of such confidentially-designated testimony where disclosure of that testimony to such person would not be permitted by section 8 of this Order.

7. <u>Challenging a Designation</u>. No Party shall be obligated to challenge the propriety of the confidentiality designation of documents or depositions at the time such designation is made, and failure to do so shall not preclude a subsequent challenge to such designation. Any Party may challenge such designation at any time by first giving notice of such challenge to the Producing Party. In the event that one Party challenges another Party's designation of Confidential Information, within three (3) business days, counsel for the Producing Party shall make a good faith effort to resolve the dispute on an informal basis. The documents or information that are the subject of the "Confidential" designation shall be treated as designated under the protection of this Order pending the Court's decision resulting from the conference. All Discovery Material designated as "Confidential" by a Producing Party will be treated as so designated unless such designation is changed by mutual agreement of the Parties or Court order.

8. <u>Prohibited Disclosures and Uses</u>.

(a) Confidential Information shall be used or disseminated only for the purpose of prosecuting or defending claims in the Litigation and not for any other purpose. Confidential Information shall not be disclosed to any person except the following:

(i) The Parties;

(ii) The in-house counsel and attorney(s) of record for the Parties, and their paralegal, stenographic, and clerical employees, clerical agents, or clerical sub-contractors whose duties and responsibilities require access to such Discovery Material to assist in the Litigation;

(iii) Any outside copying, document processing, or document storage entity or person retained by any Party to assist in connection with the Litigation;

(iv) Any graphics person or entity retained by any Party to assist in the production of demonstrative evidence or visual aids;

(v) Any outside consultants, and their employees whose duties and responsibilities require access to materials designated Confidential Information, whose advice and consultation are being or will be used by the Parties in connection with the Litigation;

(vi) Any witness who counsel for a Party in good faith believes may be called to testify at trial, hearing or deposition in this action or is called to testify at trial hearing or deposition in this action (and their counsel), so long as the disclosure is reasonably necessary for purposes of this

Litigation, and provided that such person, prior to disclosure, has first acknowledged in writing (by signing the certificate attached hereto as Exhibit A) that they have read this Order and agree to be bound by its terms;

(vii)   Persons designated and disclosed as expert witnesses to assist in the conduct of the Litigation;

(viii)   The Court;

(ix)   Court reporters, stenographers, and persons preparing transcripts of testimony under the supervision of a court reporter or stenographer; and

(x)   Any person as may hereafter be agreed to in writing by the Producing Party or as may hereafter be authorized by further order of the Court.

(b)   Notwithstanding anything else in this Order, (i) there shall be no prohibition of disclosure of Confidential Information to the Producing Party, or to any person identified in such document as its author, addressee, or copyee, or to any person where it is plain from the face of the document that the person has previously seen such document; (ii) if Confidential Information makes specific reference to words or conduct attributed to any person, any Party may reveal such specific reference to the person to whom such words or conduct are attributed; and (iii) there shall be no prohibition of disclosure of Confidential Information to any non-party witness during a deposition or trial testimony given by the witness provided the examining attorney has a good faith basis for believing that the witness has knowledge regarding the Confidential Information.  To the extent that

any Confidential Information is disclosed to a non-party witness pursuant to this subsection, the Party making such disclosure shall provide a copy of this Order to that witness and the witness's attorney prior to such disclosure and will inform the witness and the witness's attorney that this Order governs the disclosure of such information.

(c)     Notwithstanding anything else in this Order, the usage, dissemination, and disclosure restrictions and obligations set forth herein shall not apply to any information which: (i) was public knowledge when produced by the Producing Party or has become public knowledge other than as a result of disclosure by a Receiving Party, its employees or agents, in violation of this Order; (ii) has come or shall come into a Receiving Party's legitimate possession independently of the Producing Party; or (iii) has been independently developed by or for the Receiving Party without use of, or reference to, the Producing Party's Confidential Information.

9.     No disclosure may be made to a person identified in subsections 8(a)(iv)-(vi) unless that person has first acknowledged, in writing by signing the certificate attached hereto as Exhibit A, that they have read this Order and agree to be bound by its terms.

10.     Filing Papers with the Court.

(a)     All Confidential Information that is filed with the Court and any pleadings, motions, or other Court papers that disclose Confidential Information shall be filed under seal or in redacted form in accordance with, and to the extent allowable by, the individual rules of the United States District Judge or United

States Magistrate Judge responsible for reviewing, responding to and/or ruling upon said pleading, motion or other Court paper.

(b)     The Parties shall limit disclosures of Confidential Information in documents submitted to the Court to information that the Producing Party believes in good faith is relevant to its submission.

11.     <u>Inadvertent Production of Privileged Material</u>.  The inadvertent production of Discovery Material claimed to be privileged by the Producing Party shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the Producing Party or other person would otherwise be entitled.  Notice of any claim of privilege or protection as to any document claimed to have been disclosed inadvertently shall be given in writing promptly after the discovery of that inadvertent disclosure.  Upon receiving such notice, the Receiving Party shall promptly return to the Producing Party or other person entitled to such protection that material and all copies or reproductions thereof as to which the claim of inadvertent production has been made, shall destroy all notes or other work product reflecting the contents of such material, and shall delete such material from any litigation-support or other database; provided, however, that no such return, destruction, or deletion is required until the Producing Party provides to the Receiving Party a privilege log providing the date, author, addressees, copyees, document type, general subject matter, and asserted nature of the privilege of the documents for which notice of inadvertent production has been given.  The Receiving Party may then move the Court for an order compelling production of the inadvertently disclosed material, but such motion shall not in any manner rely upon, or assert as a ground for entering such an order, information contained in any such returned material.

12. <u>Return, Destruction, and Retention of Confidential Information</u>. Within sixty (60) days after the conclusion of the Litigation all Confidential Information and all copies thereof shall be returned to the Producing Party or destroyed. If the Producing Party requests that its Confidential Information not be destroyed, each Receiving Party shall return such information to the Producing Party. Notwithstanding anything else in this section, a Party shall not be required to deliver to another Party any documents containing attorney work product, but shall be permitted to retain one copy of all such documents and destroy all other copies. Notwithstanding the foregoing, each Party's counsel of record shall be permitted to retain, for archival purposes, one copy of any work-product document, official transcript or exhibit, brief, memoranda, or other document filed in court, that contains Confidential Information. This section shall not apply to any copy of Confidential Information retained by the Court.

13. <u>Third Party Attempts to Compel Disclosures</u>. If any Receiving Party receives a subpoena or other process from any person seeking production of a Producing Party's Confidential Information, the Receiving Party shall promptly give notice to the Producing Party, enclosing a copy of the subpoena or other process. To the extent permitted by law, no disclosure may be made pursuant to the subpoena or other process until the Producing Party has had a reasonable opportunity to seek to quash such subpoena or process. Nothing herein requires any Party to be in contempt of a Court order or otherwise violate the law.

14. <u>Producing Party's Rights</u>. Nothing in this Order limits a Producing Party's rights concerning Discovery Material it produces.

15. The provisions of this Order shall survive the conclusion of this Litigation and of the Court's jurisdiction.

SO STIPULATED:

| | |
|---|---|
| TOWNE, RYAN & PARTNERS, P.C. | SHEPPARD MULLIN RICHTER & |
| *[signature]* 7/15/2020 | *[signature]* 7/16/2020 |
| John Anthony Musacchio, Esq.<br>450 New Karner Road<br>P.O. Box 15072<br>Albany, New York  12212<br>*Attorneys for Plaintiff* | John E. Kiley<br>Kevin J. Smith<br>Danielle M. Thompson<br>30 Rockefeller Plaza<br>New York, New York  10112<br>*Attorneys for Defendant* |

**DATED**:  April 30, 2020

**SO ORDERED:**

  Alvin K. Hellerstein /s/ (July 17, 2020)
_____
The Honorable Alvin K. Hellerstein
United States District Judge

## EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACQUELINE GERHAM,

        Plaintiff,

-against-

AMERICAN EXPRESS COMPANY,

        Defendant.

Case No. 1:19-cv-07467 (AKH)

_____, being duly sworn, states:

    A.    That [s]he resides at _____;

    B.    That [s]he has read and understands the stipulation and order regarding Confidential Information, dated April 30, 2020 ("the Order") entered into by the parties in the above-referenced action; and

    C.    That [s]he is familiar with and agrees to comply with and be bound by the terms provisions of the Order.

_____
Name:
Title:

Sworn to before me this
  day of _____, 20\_\_.

_____
    Notary Public